# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL DOCKET NO. 5:07CV1-V

| | |
|---|---|
| JOMA Systems, Inc., )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　)<br>　　v. 　　　　　　　　　　　　)　　**Memorandum and Order**<br>　　　　　　　　　　　　　　　)<br>GKN Sinter Metals, Inc., )<br>　　　　Defendant. )<br>_____) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion To Remand pursuant to 28 U.S.C. 1447(c) and Local Rule 7.1 and all related memoranda and exhibits. (Documents #5, #6, #12, #14)

## I. Procedural History

On November 13, 2006, Plaintiff JOMA Systems, Inc. ("JOMA") filed a civil action in Superior Court, Catawba County, North Carolina, asserting claims for unjust enrichment and breach of contract against Defendant GKN Singer Metals, Inc. ("GKN"). (State Case No. 06-CvS-3723) Plaintiff's complaint seeks monetary damages in the amount of $56,139.15, plus interest. (Compl. ¶21) More specifically, Plaintiff's request for relief is based upon its claims that GKN owes JOMA specific sums for a contract payment ($33,528.40) and installation fees ($11,262.24). (Compl. ¶20)

On January 3, 2007, GKN filed a Notice of Removal asserting that removal to federal court was proper as a result of the diversity jurisdiction statute, 28 U.S.C. §1332. Within the Notice of Removal, GKN represented its intention to file a counterclaim alleging damages exceeding $75,000.00. (Notice of Removal ¶4)

On January 22, 2007, GKN filed its answer and counterclaim.[1] GKN's counterclaim alleges the following: 1) breach of contract; 2) declaratory judgment; 3) breach of express warranties; 4) breach of implied warranty of merchantability; 5) breach of implied warranty of particular purpose; 6) breach of implied covenant of good faith and fair dealing; and 7) unfair and deceptive trade practices. GKN alleges it has been damaged in an amount in excess of $75,000.00. (Countercl. ¶11)

---

[1] GKN contends its counterclaim is compulsory and JOMA apparently agrees.

GKN's request for issuance of a declaratory judgment asks the Court to find: 1) GKN does not owe JOMA any additional payments under the contract; and 2) JOMA should refund to GKN any and all payments for goods and services under the contract. (Countercl. ¶20)

On January 17, 2007, JOMA filed the instant motion, which is ripe for disposition.[2]

## II. Discussion

Plaintiff alleges that Defendant's Notice of Removal in this case was defective. Therefore, Plaintiff seeks remand to the Superior Court of Catawba County, North Carolina. The essence of Plaintiff's argument is that the requisite amount in controversy for purposes of diversity jurisdiction is not satisfied.

Title 28, United States Code, Section 1441(a) provides for removal of a civil action from state court to federal court if the case could originally have been brought there. Because Defendant GKN is the party seeking removal, GKN has the burden of establishing jurisdiction is proper in this forum. *Mulcahey v. Columbia Organic Chemical Co., Inc.,* 29 F.3d 148, 151 (4th Cir.1994). While the Fourth Circuit has not expressly so ruled, the trend for federal courts within this circuit is to require a defendant to demonstrate, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. *Gwyn v. Wal-mart Stores, Inc.,* 955 F.Supp. 44, 46 (M.D.N.C.1997)(string cite omitted).[3] In evaluating whether Defendant has satisfied its burden, it is proper to resolve all doubts in favor of state court jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941) (removal statute should be strictly construed against

---

[2] The undersigned regrets the delay in issuing the instant Memorandum and Order. Because this very issue, namely, the treatment of a counterclaim for purposes of determining amount in controversy, was recently presented to the Fourth Circuit Court of Appeals in another removal case arising out of this district, the court elected to defer ruling pending decision from the appellate court. (*See Grecon Dimter, Inc. v. Horner Flooring Co., Inc.*, 3:02CV101 / COA #s: 07-113; 07-1160). However, the appeal in that case was dismissed on August 15, 2007 by agreement of the parties (without the benefit of guidance from the Fourth Circuit). The mandate issued on August 15, 2007.

[3] The preponderance of the evidence standard has generally been recognized as a more balanced approach in weighing the defendant's interest in having access to federal courts as against the plaintiff's interest in being the master of forum selection.

removal); *Hartley v. CSX Transp.*, 187 F.3d 422, 425 (4th Cir.1999); *Mulcahey,* 29 F.3d at 51.

"Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938).[4] This doctrine is more commonly known as the "well-pleaded-complaint" rule. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002).

Defendant contends that jurisdiction over this action is proper under 28 U.S.C. §1332(a).[5] Pursuant to 28 U.S.C. §1332(a), diversity jurisdiction is appropriate when the amount in controversy, exclusive of interest and costs, exceeds $75,000. "The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case *as it stands at the time of removal*." *McCoy,* 147 F.Supp.2d at 489 (emphasis added); *St. Paul Mercury*, 303 U.S. at 291-92 (for purposes of the amount in controversy inquiry, the Court must look to the status of the case at the time of removal).

Thus, the Court considers whether, in determining the amount in controversy, it is proper to look also to the relief sought within the Defendant's counterclaim and / or action for declaratory judgment.[6] As discussed in greater detail within *Grecon Dimter* and *Cabe*, there is a split of authority with respect to this issue. *See Grecon Dimter, Inc. v. Horner Flooring Co., Inc.*, 3:02CV101; *Cabe v. Pennwalt Corp.,* 372 F.Supp. 780, 781-83 (1974). Some courts construe the removal statute more strictly and abide by the traditional well-pleaded complaint rule. *See e.g.*, *Burton Lines, Inc. v. Mansky,* 265 F.Supp. 489 (M.D.N.C.1967). While some courts agree with the well-pleaded complaint rule as a general proposition, some courts find that the actual controversy involves not only the amount of damages the plaintiff claims, but whether plaintiff may be answerable to the defendant for any damages. *See e.g.*, *Nat'l Upholstery Co. v. Corley,* 144 F.Supp. 658 (M.D.N.C.1956). Still other courts hold that a counterclaim may only be considered for

---

[4] Some courts require a binding stipulation on the record or some other means of limiting plaintiff's recovery to the amount claimed in the Complaint. *See generally, Wright & Miller, <u>Federal Practice & Procedure</u>, Juris.3d §3725.*

[5] The complete diversity of citizenship is not in dispute.

[6] While the cases cited herein do not specifically address the impact of a defendant's request for issuance of a declaratory judgment, it seems the same rule would apply.

purposes of amount in controversy if the counterclaim is compulsory.  *See e.g., Lange v. Chicago, R.I. & Pac. R.Co.*, 99 F.Supp. 1 (D.C. Iowa 1951).

Outside of the removal context, the Fourth Circuit describes its "test" for determining the amount in controversy in a diversity proceeding as "the pecuniary result to either party which [a] judgment would produce." *Hudson Constr. Co. v. Dillingham Constr. Co., Inc.*, 169 Fed. Appx. 769, 2006 WL 525544, *1 (4th Cir. 2006) (*citing Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir.2002)). Thus, in an ordinary application of the diversity jurisdiction statute, the Fourth Circuit contemplates that a defendant's counterclaim may be considered in determining amount in controversy. Id. Indeed, in *Mackay,* the Supreme Court treated the removal statute and diversity statutes as independent and distinct from each other. *Mackay v. Uinta Development Co.*, 229 U.S. 173, 176 (1913). Under such an approach, Defendant's counterclaim and action for declaratory judgment would place the value of the entire contract at issue, the amount in controversy requirement would be satisfied, and the otherwise defective removal would not defeat subject matter jurisdiction. This approach is not consistent with *St. Paul Mercury,* which limits the Court's analysis of the instant motion to the facts at the time of removal. Although GKN stated an intention to file a counterclaim exceeding $75,000, neither Defendant's counterclaim nor the request for declaratory judgment was filed prior to, or in conjunction with, Defendant's Notice of Removal.

As an initial matter, the Court finds Judge Whitney's decision in *Grecon Dimter* both thorough and well reasoned. However, this Court need not decide whether *Mackay* continues to be good law in light of *Holmes*.  The reasoning of *Cabe* and *Holmes* govern the instant case in that Plaintiff JOMA did not waive its right to contest removal or the absence of federal subject matter jurisdiction. *Cabe,* 372 F.Supp. at 782-83 ("This Court holds that a counterclaim, either permissive or compulsory, should not be considered in determining the jurisdictional amount for removal of diversity actions to federal court."); *Holmes Group, Inc.*, 535 U.S. at 830 n.2 ("The well-pleaded-complaint rule also governs whether a case is removable from state to federal court . . . ."); Hart & Weschler's *The Federal Courts and the Federal System* 1480 (5th ed. 2003) ("The Court's rationale [in *Holmes Group*] would appear equally applicable in a diversity case where the sole basis for asserting the requisite amount-in-controversy rests on the amount in dispute with respect to a counterclaim.").

4

Applying the well-pleaded-complaint rule to the facts as they stood at the time of removal, Plaintiff only seeks a total monetary award of $56,139.15, plus interest. As pled by Plaintiff, the action arises out of contract law and there is no potential for a treble award or punitive damages. Moreover, there is no indication that Plaintiff is manipulating its claim for damages or simply rushing its relatively smaller claim into state court in order to avoid federal subject matter jurisdiction. Therefore, the Court finds that the amount in controversy requirement is not met and diversity jurisdiction is not proper. Plaintiff's action must be remanded to the state court.

Moreover, given the absence of definitive guidance from the Fourth Circuit,[7] and the current amorphous state of the law, the Court further finds that Plaintiff is not entitled to an award of costs, expenses, including attorneys' fees, related to the filing of its motion to remand.

### III. Order

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion To Remand is **GRANTED**. Accordingly, the Deputy Clerk is directed to deliver a copy of the case file, along with a copy of this Memorandum and Order, to the Clerk of Court, Catawba County Superior Court, North Carolina.

**IT IS FURTHER ORDERED** that Plaintiff's request for an award of costs and expenses, including attorneys' fees, associated with moving for remand is **DENIED**.

Signed: October 10, 2007

Richard L. Voorhees
United States District Judge

---

[7] In *R.L. Jordan*, the Fourth Circuit did not reach the issue but commented in dictum that "it appears, although we have not decided, that [defendant's] counterclaim may not be used in calculating the amount in controversy." R.L. Jordan Oil Co. Of North Carolina, Inc. v. Boardman Petroleum, Inc., 23 Fed.Appx. 141, 144-45 (4th Cir.2001) (unpublished) ("The traditional rule has been that no part of the required jurisdictional amount can be met by considering a defendant's counterclaim.") (*citing* 14B Charles Alan Wright et al., *Federal Practice and Procedure* §3725 (3d ed.1998)).